UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DAWN VAN BALLEGOOYEN,<br><br>Plaintiff,<br>vs.<br><br>STATE TREATMENT AND REHABILITATION ACADEMY, et. al.<br><br>Defendants. | 18-4171<br><br>MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS AND MOTION TO PROCEED IN FORMA PAUPERIS |

Pending before the Court are Plaintiff Dawn Ballegooyen's motion to proceed in forma pauperis, Doc. 2, and a motion to dismiss filed by the named state defendants in this case, Doc. 7. For the following reasons, both motions are denied.

## BACKGROUND

On December 18, 2018, Dawn Ballegooyen, Plaintiff and Personal Representative of the Estate of Brady Folkens, filed a *pro se* complaint against the States Treatment and Rehabilitation Academy ("STAR"), the South Dakota Department of Corrections ("DOC"), Custer Regional Health Hospital and various individual defendants in their individual and official capacities. Doc. 1. Therein, Ms. Ballegooyen alleges claims arising under 42 U.S.C. § 1983, a claim for negligence against STAR and the DOC, and conspiracy to fraud under 18 U.S.C. § 1349 against all defendants. Doc. 1. Ms. Ballegooyen also filed a motion for leave to proceed in forma pauperis which is presently pending before the Court. Doc. 2.

On December 19, 2018, Ms. Ballegooyen filed with the Court notice that a copy of the complaint had been mailed to the named defendants on December 16, 2018, by certified mail. Doc. 5. On March 27, 2019, an attorney entered an appearance on behalf of the state defendants. Doc. 6. That same day, the state defendants, by and through their attorney, filed a motion to dismiss. Doc. 7. In their motion, the state defendants move to dismiss the complaint for insufficiency of service, on res judicata grounds, and on the basis that Ms. Ballegooyen's causes of action are barred by the three-year statute of limitations. Doc. 7. Ms. Ballegooyen has not filed a response to the state defendants' motion to dismiss.

1

On April 25, 2019, Ms. Ballegooyen filed a motion for entry of default with the Clerk of Courts. The Clerk of Courts denied Ms. Ballegooyen's motion for entry of default on the basis that summonses had not been issued consistent with Rule 4(b) of the Federal Rules of Civil Procedure and, second, that defendant had not been properly served under Rule 4(e). Doc. 13.

## ANALYSIS

### I. Motion to Dismiss

The state defendants move to dismiss this action for insufficiency of service. Doc. 7. Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part,

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"Thus, under Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within [90] days, it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice." *Kurka v. Iowa County, Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) (quoting *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)). "To warrant a discretionary extension, the plaintiff must establish excusable neglect." *Id.* (citation omitted).

Although the Ms. Ballegooyen has not responded to the state defendant's motion to dismiss, the Court concludes that good cause exists for failure to serve defendants in a timely fashion. Ms. Ballegooyen's motion to proceed in forma pauperis has been pending before the Court since December 2018, *see id.* (stating that good cause is likely to be found when the plaintiff is proceeding pro se or in forma pauperis), and she should not be penalized for a delay caused by the court's consideration of her motion[1], *see Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) ("[A]n in forma pauperis plaintiff should not be penalized for a delay caused by the court's consideration of his complaint. That delay 'is solely with the control of the district court.'").

---

[1] Rule 4(c) of the Federal Rules of Civil Procedure provides that when a "plaintiff is authorized to proceed in forma pauperis," courts must order "that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). The purpose of this rule "is to recognize the economic status of the plaintiff and spare the expense of a private process service." *Schweitzer ex rel. Schweitzer v. Crofton*, No. 08-CV-135, 2010 WL 3516161 at *9 (E.D.N.Y. Sept. 1, 2010).

In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citation omitted). Accordingly, the court will not address the state defendant's statute of limitations and res judicata defenses at this time.

II. **Motion to Proceed In Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983).

According to Ms. Ballegooyen's application to proceed in district court without prepaying fees or costs, she reported her average monthly income as $1,800 and her spouse's monthly income as $2,700 and her application shows that their total monthly income exceeds her family's average monthly expenses. Doc. 2. Ms. Ballegooyen's application shows sufficient funds to pay the filing fee and her motion to proceed in forma pauperis is denied. Ms. Ballegooyen must pay the filing fee by December 20, 2019, or her case will be dismissed without prejudice.

Accordingly, it is hereby ORDERED:

1. Defendants' motion to dismiss, Doc. 7, is denied without prejudice to its refiling; and

2. Plaintiff's motion to proceed in forma pauperis, Doc. 2., is denied; and

3. Plaintiff must pay the filing fee by December 20, 2019, or her complaint will be dismissed without prejudice; and

4. Plaintiff must perfect service on the named defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure within 90 calendar days of receipt by the Court of the filing fees or her complaint will be dismissed without prejudice.

Dated this 27th day of November, 2019.

                          BY THE COURT:

                          */s/ Lawrence L. Piersol*
                          Lawrence L. Piersol
ATTEST:                   United States District Judge
MATTHEW W. THELEN, CLERK

*/s/ Matthew Thelen*